Weight, J.,
delivered the opinion of the Court.
This was an action of ejectment by Walker, in which he obtained a verdict and judgment. The motion of Spears for a new trial being overruled, he filer! his bill of exceptions, and has brought the case to this Court by an appeal, in the nature of a writ of error. In order to make out his title, Walker resorted to the following proof: He read a grant from the State of Tennessee to Jesse Spears, the defendant below, for fifty acres of land, dated in 1823; a deed from Lewis Lawson. to Peter Smith, dated the 17th of February, 1837; and a deed from Smith to himself, dated the 1st of June, 1847. This grant and these deeds embraced the land in dispute, which is that part of the grant to Spears which lies east of the road leading from Rogersville to Greenville. He also read a grant from the State to Jacob Lawson, dated in 1824'; a deed from Lazarus Lawson .to Lewis Lawson, dated in 1832; and a grant from the State of North Carolina to John Payne, dated in 1793. But these last named papers, though they adjoined the land in dispute, seem not to have embraced it. Walker then made proof tending to show that Jacob Lawson and his family, and Smith and himself, who claimed under them, had held the land in dispute for more than twenty years, under a claim of ownership. It does not distinctly appear in this record, in what way Jacob Lawson parted with whatever interest he may have had in this land. He is not shown to be dead, or that *168 Russell, Lazarus, and Lewis Lawson, wbo are Ms children, are bis heirs. But it seemed to be taken for granted, on the trial below, that the deed from. “Lewis Lawson to Peter Smith carried the title of the Lawson family.
There seems to have been, at a very early day, some contract in writing between Jacob Lawson and Spears, to the effect that the road should be the dividing line between them; but the exact nature of this engagement does not very clearly appear, as Spears re-possessed himself of the instrument, and it is not in the record. He, to be sure, makes proof that this contract was rescinded in 1827. But it is clear that Jacob Lawson and his family, and Smith and Walker, after their purchases, from the year 1830, always claimed the road as the true boundary; and this was conceded by Spears until about the time this suit was commenced in. 1852.
It does not appear whether the grant to Spears had ever actually been surveyed and marked.
In this state of uncertainty as to the true boundary, Walker made proof that when Lewis Lawson and Peter Smith were having the land surveyed in 1837, with a view to complete the purchase made by Smith of Lawson, Spears came in the evening to where they were surveying the disputed land, running the. line along the road; and he said, let the road be the line. Spears knew at this time that Peter Smith had purchased the land to the road, and that the object of the survey was- to enable the parties to carry out Smith’s purchase. This he did and said in the presence of Smith and Lawson. The road was, accordingly, in that survey, fixed as the boundary, and Smith took his deed and paid for *169 tbe land, believing that be was getting a valid title to tbe road and tbe land in dispute. It is apparent that be was induced to do this, not only by tbe acts and ■declarations of Lawson, but also by tbe acts and declarations of Spears. And Walker, in purchasing of Smith, acted upon the same belief and boundary.
Now we bold that tbe Circuit Judge acted very properly in receiving this evidence, and in instructing the jury, as be did, that Spears was estopped to deny Walker’s title to this land, and that the road was, as between them, tbe true boundary. This matter of estop-pel might very well be enforced in a Court of Law. Merriwether et al. v. Larmoon et al., 3 Sneed. 447; Barham v. Turbeville et al., 1 Swan, 437.
Objection, in this case, has been made to tbe verdict of tbe jury, because of its alleged uncertainty. But we deem it entirely sufficient and valid, under the rule laid down by this Court in Loard et al. v. Philips et al., 4 Sneed, 566.
Affirm tbe judgment.